## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MYRACENE ZAVOT, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO. 1:16-CV-03877-AT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| BURGER DOCS ATLANTA, INC. | ) | |
| and MICHELE McCAULEY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### PLAINTIFF MYRACENE ZAVOT'S MOTION IN LIMINE TO EXCLUDE WITNESSES AT TRIAL

Pursuant to F.R.C.P. 26 & 37, and any other applicable rules, Plaintiff, through undersigned counsel, files this motion to exclude certain individuals from testifying or providing evidence at the trial of this action. In support of the motion, which is premised on Defendants' failure to comply with their disclosure and discovery obligations, Plaintiff respectfully shows as follows.

## I.     RELEVANT FACTS

Plaintiff filed this action on October 16, 2016.[1] Following a brief Court ordered stay of this action for mediation, discovery commenced with discovery

---

[1] (DE 1 - Complaint).

initially set to close on April 27, 2017.[2]  On January 26, 2017, Plaintiff served

discovery requests on Defendant Burger Docs Atlanta, Inc. ("Defendant Burger

Docs").[3] Plaintiff's First Interrogatories, Interrogatory No. 9, called for Defendant

Burger Docs to:

> Identify each and every person known to Defendant whom
> Defendant believes may have discoverable information with
> respect to any of the Plaintiff's claims or any of the defenses raised
> by the Defendant.  For each such individual identified describe
> what knowledge Defendant knows or believes each such individual
> possesses.  To the extent that any document or other recorded
> information supports or relates to said individual or said
> individual's particular knowledge, please identify said
> document/recorded information.[4]

On January 31, 2017, Plaintiff served Initial Disclosures.[5] On February 10,

2016, Defendant Burger Docs served its First Initial Disclosures, identifying

potential witnesses upon which Defendant Burger Docs indicated it may rely to

support its defenses.[6]

On March 28, 2017, Defendant Burger Docs served responses to Plaintiff's

First Interrogatories and identified various individuals that may have relevant

knowledge with respect to Plaintiff's claims or Defendants' defenses, in response

---

[2] See (DE 2 – Identifying April 27, 2017 discovery end date).

[3] (DE 13 – Certificate of Service for Plaintiff's Interrogatories and Requests for Production of Documents); Exhibit A – Plaintiff's First Interrogatories and Request for Production of Documents).

[4] Exhibit A).

[5] (DE 17 – Certificate of Service for Plaintiff's First Initial Disclosures).

[6] (DE 22 – Certificate of Service for Defendant Burger Docs First Initial Disclosures) Exhibit B – Defendant Burger Docs First Initial Disclosures received by Plaintiff on or about February 16, 2017).

to Plaintiff's Interrogatory No. 9.[7] Among the individuals identified, Defendant noted that Leo Bartolucci ("Bartolucci") may have knowledge of Plaintiff's job duties.[8] No other information was provided for Bartolucci and Defendant Burger Docs stated it would supplement its response to provide contact information for Bartolucci at a "later time".[9]

On April 4, 2017, the parties jointly moved to extend discovery through June 30, 2017, and the Court subsequently granted the parties' motion.[10]  On May 25, 2017, Defendant Burger Docs served its First Supplemental Disclosures, identifying various individuals that Defendant indicated it may rely on to support its defenses, including Leo Barolucci, but still providing no contact information for Bartolucci.[11]

On June 21, 2017, Defendant filed a consent motion for a second extension of the discovery period, through and including July 31, 2017, which the Court granted.[12] On Friday, July 14, 2017, Defendants filed a certificate of service for their Second Supplemental Initial Disclosures, which Plaintiff received in the mail

---

[7] Exhibit C – Defendant Burger Docs' Responses to Plaintiff's First Interrogatories).
[8] *Id.*, p. 9.
[9] *Id.*
[10] (DE 36 – Joint Motion to Extend Discovery); (DE 38 – Order Granting Motion to Extend Discovery Period).
[11] Exhibit D – Defendant Burger Docs' First Supplemental Initial Disclosures).
[12] (DE 56 – Defendants' Consent Motion for Extension of Discovery Period); (DE 58 – Order granting Defendants' Consent Motion for Second Extension of Discovery Period).

on or about July 20, 2017.[13] In Defendants' Second Supplemental Disclosures,

which Plaintiff received approximately 10 days before the close of the second

extended discovery period and nearly 9 months after this action was filed,

Defendants identified nine (9) putative witnesses never before identified in

Defendants' discovery responses or Rule 26 disclosures, specifically:

Alethea Harper
Angela Baisden
Charlie Kennedy
Michael Houston
Steve Lieber
Steve Felson
Zantonia Grimes
Camry Watkins
Chiguima Thomas

In addition, Defendants' Second Supplemental Initial Disclosures continued

to lack contact information for Bartolucci.[14] On September 20, 2017, the parties

filed their proposed pretrial order, including Defendants' trial witness list which,

for the first time, provided Bartolucci's contact information.[15] However,

Defendants state that Bartolucci "may be contacted only through Defendants'

counsel of record", a representation never before asserted by Defendants with

respect to a witness whose contact information Defendants provided for the first

---

[13] Exhibit E – Defendants' Second Supplemental Initial Disclosures; (DE 66 – Certificate of Service for Defendants' Second Supplemental Disclosures.
[14] Exhibit E.
[15] (DE 72-8).

time in the pretrial order. Defendants' trial witness list also includes the nine (9)

other above referenced individuals that Defendants failed to identify until days

before the completion of roughly eight (8) months of discovery.

Plaintiff now moves to exclude Defendants from calling as witnesses at trial,

or otherwise providing evidence from the nine (9) above referenced individuals

Defendants failed to timely disclose in discovery, as well as Bartolucci, whose

contact information was not provided and for whom Defendants' counsel never

acknowledged capacity to accept subpoena service until creation of the pretrial

order.

## II.     DISCUSSION AND CITATION TO AUTHORITY

Federal Rule of Civil Procedure 26(a) provides in relevant part that "a party

must, without awaiting a discovery request, provide to the other parties . . . the

name and, if known, the address and telephone number of each individual likely to

have discoverable information – along with the subjects of that information – that

the disclosing party may use to support its claims or defenses . . .." Rule 26 further

provides that "[a] party who has made a disclosure under Rule 26(a) – or who has

responded to an interrogatory, request for production, or request for admission –

must supplement or correct its disclosure or response . . . in a timely manner if the

party learns that in some material respect the disclosure or response is incomplete

or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see J&J Celcom v. AT&T Wireless Servs.,* 215 F. App'x 616, 621 (9th Cir. 2006) (affirming exclusion of expert report disclosed on the last day of discovery because delay was not substantially justified); *United States v. Dunn*, No. 04-C-50472, 2007 U.S Dist. LEXIS 27089, at *9-14 (N.D. Ill. Apr. 12, 2007) (holding that the testimony of witnesses improperly "sprung" on plaintiff on the last day of fact discovery was barred from use at hearing or trial); *Schiller v. City of New York*, No. 04-Civ.-7921, 2007 U.S. Dist. LEXIS 16935, at *8-15 (S.D.N.Y 2007) (concluding that supplementing initial disclosures three days before the end of discovery was untimely). The penalty of excluding a party's witnesses' testimony is automatic unless the party can show that the violation of Rule 26(a) was substantially justified or harmless. *Finley v. Marathon Oil Co.,* 75 F. 3d 1225, 1230 (7th Cir. 1996).

Defendants' failure to identify nine (9) purported witnesses until days before

the close of the second extended discovery period (a second extended discovery period which was predicated on a consent motion by the Defendants), along with Defendants' failure to provide contact information for a 10th witness, Bartolucci, until submission of the pretrial order, were neither substantially justified nor harmless as demonstrated below.

### A. **Defendants' Failure to Comply with Rule 26 was Not Substantially Justified and Significantly Prejudices Plaintiff**

The non-disclosing party has the "burden of establishing that a failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009); *Schutz Container Sys. v. Mauser Corp.*, No. 1:09-CV-3609-RWS, 2014 U.S. Dist. LEXIS 44059, at *13-14 (N.D. Ga. Mar.  31, 2014).  When deciding whether the failure to disclose a witness during discovery is substantially justified, the Eleventh Circuit Court of Appeals considers three factors: (1) the importance of the evidence; (2) the reasons for the non-disclosing party's failure to disclose the evidence; and (3) the prejudice to the other party if the evidence is considered. *See Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (per curiam) (setting forth three factors considered when reviewing district court's decision to exclude previously undisclosed evidence under Rule 37).

In *Wright v. Hyundai Motor Mfg. Ala., LLC*, the court granted defendant's

motion to strike witnesses' declarations after plaintiff filed declarations from previously undisclosed witnesses and "there [was] no evidence . . . from plaintiff that he was unaware either that [the witnesses] might provide testimony or that his previous disclosures were incomplete." No. 2:08CV61-SRW (WO), 2010 U.S. Dist. LEXIS 121385, at *12-14 (M.D. Ala. Nov. 16, 2010). The court concluded that the plaintiff failed in either his initial obligation to disclose these witnesses or in his duty to supplement those disclosures to identify the witnesses in a timely manner as required by Fed. R. Civ. P. 26(a) and 26(e). *Id*.

Defendants' failure to disclose nine (9) putative witnesses with potentially important knowledge until days before the completion of a multi extension discovery period that lasted roughly eight (8) months cannot reasonably be argued as substantially justified. Further, the prejudice to Plaintiff of allowing any of these individuals to testify or provide evidence at trial will cause irreparable harm to Plaintiff as Defendants' failure to comply with Rule 26 prevented Plaintiff from engaging in meaningful discovery with respect to these individuals, including completely preventing Plaintiff from obtaining evidence towards these individuals' credibility and relevant knowledge through written discovery or through questioning other witnesses about these nine (9) surprise witnesses sprung on Plaintiff days before the expiration of the second extended discovery period.

Plaintiff further notes that the roughly 10 days remaining in the second discovery period at the time of Plaintiff's receipt of Defendants' Second Supplemental Disclosures would not have been enough time to serve deposition subpoenas on these individuals for deposition dates that provided reasonable notice to the witnesses as required by F.R.C.P. 30., if the witnesses could be served at all within such a brief window.

With respect to Bartolucci, Defendants' failure to provide his contact information, as required by Rule 26, at any time during this case prior the submission of the pretrial order should result in automatic exclusion of this witness giving testimony or evidence at trial.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude the following individuals from providing testimony or other evidence at trial:  Alethea Harper, Angela Baisden, Charlie Kennedy, Michael Houston, Steve Lieber, Steve Felson, Zantonia Grimes, Camry Watkins, Chiguima Thomas, and Leo Bartolucci.

Respectfully submitted this 27th day of December, 2017.

**BARRETT & FARAHANY**

s/ V. Severin Roberts
V. Severin Roberts

9

Georgia Bar No. 940504

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
alakraj@justiceatwork.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MYRACENE ZAVOT, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO. 1:16-CV-03877-AT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| BURGER DOCS ATLANTA, INC. | ) | |
| and MICHELE McCAULEY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 27ᵗʰ day of December 2017, I electronically filed the foregoing *Plaintiff Myracene Zavot's Motion in Limine to Exclude Witnesses at Trial* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the all attorneys of record.

**BARRETT & FARAHANY**

s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504

11