# SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (hereinafter "Agreement") is made and entered into by and between Myracene Zavot (hereinafter "Zavot") on the one hand, and Burger Docs Atlanta, Inc. and Michele McCauley (collectively hereinafter "Burger Docs") on the other hand (Zavot and Burger Docs are hereinafter referred to as the "Parties").

## WITNESSETH:

WHEREAS, Zavot has asserted claims against Burger Docs for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; and

WHEREAS, these claims are more particularly described in the pleadings in the case in the United States District Court for the Northern District of Georgia, Atlanta Division, being identified as Civil Action File Number 1:16-cv-03877-AT, *Myracene Zavot v. Burger Docs Atlanta, Inc. and Michele McCauley* (hereinafter referred to as the "Lawsuit");

WHEREAS, Burger Docs has denied all claims in the Lawsuit and asserted various defenses, including that Zavot was exempt from the overtime requirements of the FLSA under both the executive and administrative exemptions; and

WHEREAS, the Parties desire to fully and finally settle the Lawsuit and all claims alleged it.

NOW THEREFORE, for and in consideration of the mutual covenants and agreements herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.

Without admitting liability, which it denies, Burger Docs shall pay the total gross amount of

One Hundred Fifteen Thousand Dollars ($115,000.00) to settle the Lawsuit as follows: (i) to Zavot the sum of Three Thousand Seven Hundred Fifty Dollars ($3500.00) as overtime compensation, less all applicable payroll and income tax withholdings, and an additional sum of Three Thousand Seven Hundred Fifty Dollars ($3500.00) as liquidated damages, for allegedly unpaid overtime and liquidated damages under the FLSA, and (ii) to Zavot's counsel of record in the Lawsuit, Barrett & Farahany, LLP the sum of One Hundred Eight Thousand Dollars ($108,000.00) as partial reimbursement of Zavot's alleged attorneys' fees and other litigation costs in the Lawsuit.  Payment of the foregoing settlement amounts shall be by checks delivered to the office of Barrett & Farahany, LLP as follows: (a) an initial payment (the "Initial Payment") of Eighty Three Thousand Dollars ($83,000.00), less all applicable payroll and income tax withholdings on the above described overtime compensation paid to Zavot, within ten (10) days of entry of an Order by the Court in the Lawsuit approving this settlement and dismissing with prejudice the Lawsuit and all of the claims alleged in it, with entry of such an Order by the Court an express condition of this Agreement, and (b) payment of the remaining Thirty Two Thousand Dollars ($32,000.00) within thirty (30) days after the Initial Payment.

2.

The execution of this Agreement by the Parties is not intended and shall not be deemed as an admission of liability by either of them with respect to any matter whatsoever, but on the contrary, Burger Docs denies any and all liability in the Lawsuit and with respect to any matter arising out of or in connection with the Lawsuit.  It is understood that any and all payments made by Burger Docs under this Agreement are solely in settlement to compromise disputed claims.

3.

Zavot knows of no other person or entity other than Barrett & Farahany, LLP that has any interest in any of the claims alleged in the Lawsuit or other subject matter of this Agreement. Zavot warrants and represents that (i) he has the sole right and exclusive authority to enter into this Agreement and, with Barrett & Farahany, LLP to receive the payments specified herein, and (ii) that he has not sold, assigned, transferred, conveyed, pledged, or otherwise disposed of or encumbered, in whole or in part, any of the claims alleged in the Lawsuit.

4.

The Parties hereby agree and expressly acknowledge that it is their express intention to fully and finally settle, resolve, and extinguish the Lawsuit and all of the claims alleged in it.

5.

This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. It may be executed in counterparts, each of which shall constitute an original.

6.

The Parties warrant and represent that they have relied upon their own judgment and the advice of their respective counsel of record in the Lawsuit regarding the proper, complete, and agreed upon consideration for, and language of, this Agreement. The Parties understand and agree that this Agreement contains the entire agreement between the Parties with respect to subject matter hereof, and that no representations, agreements, or understandings, whether written or oral, between the Parties not included herein will be of any force or effect.

7.

The Parties agree and expressly acknowledge that they have read this Agreement, that they understand it, and that they agree to be bound by its terms and conditions. This Agreement may be amended or modified only by a written instrument executed by all of the Parties.

IN WITNESS WHEREOF, the Parties have duly executed this Settlement Agreement, effective as of the last date below.

*[signature]*

**MYRACENE ZAVOT**

Date: 02/08/18

**BURGER DOCS ATLANTA, INC.**

By: _____

Print Name: __Michele Mcauley__

Title: __owner__

Date: __2/19/18__

Michele Mccauley

*Michele McCauley*

**MICHELE McCAULEY**

Date: __2/19/18__